IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRATUS MEDICAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AVANOS MEDICAL, INC., and DIROS TECHNOLOGY, INC., <br><br> Defendants. | C.A. No. <br><br> **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Stratus Medical, LLC ("Stratus") hereby files this Complaint for patent infringement against Defendants Avanos Medical, Inc. ("Avanos") and Diros Technology, Inc. ("Diros") (collectively, "Defendants"), and in support alleges as follows:

## PARTIES

1. Plaintiff Stratus is a Texas limited liability company registered under the laws of the State of Utah, and with a its principal place of business at 32303 FM-2978, Magnolia, Texas 77354.

2. Defendant Avanos is a Delaware corporation with its principal place of business at 5405 Windward Parkway, Suite 100 South, Alpharetta, Georgia 30004.

3. Defendant Diros is a Canadian corporation with its principal place of business at 120 Gibson Drive, Markham, Ontario L3R 2Z3, Canada.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising out of Defendants' unauthorized importing, distributing, offering for sale, and selling of radiofrequency ("RF") needles in

1

violation of Plaintiff's patent rights. Because this action for infringement arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Avanos in that at all times pertinent hereto, upon information and belief, Avanos has had systemic activities in this District and has committed and/or is committing infringing acts in Delaware and this District. More specifically, upon information and belief, Avanos offers for sale and sells RF needles, including the infringing products, in this District for use in this District as well as across the United States. Additionally, upon information and belief, Avanos is a corporation incorporated in Delaware and thus this Court has general jurisdiction over Avanos.

6. This Court has personal jurisdiction over Diros in that at all times pertinent hereto, upon information and belief, Diros regularly conducts business in this District and the State of Delaware, has purposefully availed itself of the privilege of conducting business in this District and the State of Delaware, thereby invoking the benefits and protections of Delaware law, has established sufficient minimum contacts with the State of Delaware such that Diros should reasonably and fairly anticipate being brought into court in Delaware, and has purposefully reached out to and directed their activities to Avanos, a resident of Delaware. This action arises out of or results from the foregoing activities.

7. This Court also has personal jurisdiction over Defendants pursuant to 10 Del. C. § 3104 and Fed. R. Civ. P. 4(k)(2). Diros places infringing products into the stream of commerce knowing they will be sold and used in the State of Delaware and elsewhere in the United States, and economically benefits from the retail sale of infringing products in the State of Delaware. Diros alone or through other parents and/or subsidiaries as agents, makes the Accused Products

and supplies and/or makes available the Accused Products to Avanos, which markets and sells the Accused Products. Together, the division of labor between making, manufacturing, marketing and sales amongst the Defendants amounts to an organized association, establishing a distribution channel for the Accused Products in the United States. Defendants know or can reasonably foresee that a termination point of the distribution channel targeted to the United States includes this District.

8. As to Avanos, venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b) and (c)(2) and 1400(b) because Avanos at least resides in, is subject to personal jurisdiction in, and has committed and continues to commit acts of infringement in this District.

9. As to Diros, venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b) because Diros is a foreign corporation and, as noted above, has committed and continues to commit acts of infringement in this District.

## PATENTS-IN SUIT

10. Stratus is the assignee and owner of United States Patent No. 10,925,664 ("the '664 Patent"). The '664 Patent, which is entitled "Methods for Radio Frequency Neurotomy," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 23, 2021. A true and correct copy of the '664 Patent is attached hereto as **Exhibit A**.

11. Stratus is the assignee and owner of United States Patent No. 10,966,782 ("the '782 Patent"). The '782 Patent, which is entitled "Needles and Systems for Radiofrequency Neurotomy," was duly and legally issued by the USPTO on April 6, 2021. A true and correct copy of the '782 Patent is attached hereto as **Exhibit B**.

12. Stratus is the assignee and owner of United States Patent No. 10,736,688 ("the '688 Patent"). The '688 Patent, which is entitled "Methods and Systems for Spinal Radio

Frequency Neurotomy," was duly and legally issued by the USPTO on August 11, 2020. A true and correct copy of the '688 Patent is attached hereto as **Exhibit C**.

13. The '664, '782, and '688 Patents are collectively referred to herein as the "Patents-in-Suit."

## BACKGROUND

### Stratus' Innovative Technology

14. Stratus was founded in 2019 and is a pioneer in the business of improving clinical outcomes for patients suffering from chronic pain and other ailments.

15. Stratus has been able to succeed in the marketplace due to its innovative technologies, including its development and sale of innovative RF devices for the treatment of pain, which allow for faster procedure times, lower cost, and better patient outcomes that include reproducible and durable pain relief.

16. Given Stratus' innovation in the RF device industry, including RF needles, Stratus has obtained patents to protect its innovations, as detailed above.

### Defendants' Infringement

17. Defendants have infringed and continue to infringe one or more claims of each of the Patents-in-Suit by, at minimum, importing, distributing, offering for sale, and selling infringing products and services in the United States and in this District, thereby directly and/or indirectly infringing each of the Patents-in-Suit.

18. The RF needles accused of infringing the Patents-in-Suit include, without limitation, Diros' Trident™ RF Cannulae model DTR ("DTR") and Diros' Trident™ RF Hybrid Cannulae model DTRH ("DTRH") (collectively the "Accused Products"), which are RF needles used for RF procedures.

19. According to Diros, the DTR and the DTRH differ in that the DTR "requires a separate component, an RF Probe/Temperature Sensor, to be inserted into its lumen," while the DTRH "has an RF Probe/Temperature Sensor permanently installed inside it."

20. One benefit of the Patents-in-Suit is that they incorporate an expandable electrode that creates a large volume and optimally shaped lesion. Similar to the innovations disclosed and claimed in Patents-in-Suit, Diros advertises that a benefit of the Accused Products is their incorporation of an expandable electrode through the use of deployable tines that create a "shaped lesion whose large base encompasses the nerve" via "an assembly designed for ease of use to innovatively produce a unique lesion at the cannula's bare tip."

21. Diros heavily advertises the Accused Products on its website (dirostech.com), but also offers for sale the Accused Products through Avanos, its parent company. For example, Avanos offers the Accused Products for sale and, on information and belief, will ship the infringing Accused Products or Accused Products to be used for infringing purposes to customers in this District.

22. Diros touts the Accused Products as being "innovative." But any innovative aspects of the Accused Products are the innovations of Stratus, not Diros.

## COUNT I

### INDIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 10,925,664

23. Stratus repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

24. The '664 Patent is valid and enforceable.

25. Since at least July 26, 2024, Defendants have had actual and/or constructive notice of the '664 Patent and Defendants knew or should have known about their infringement

based on their filing of an *inter partes* review proceeding (IPR2024-01212) against the '664 Patent on this date.

26. Despite such actual and/or constructive knowledge, Defendants continue to import, distribute, offer for sale, and sell the DTR, thereby infringing the '664 Patent. Defendants have also continued to sell the DTR and distribute product literature and website materials, thereby encouraging and inducing end users to use the DTR in the customary and intended manner, which Defendants knew would infringe the '664 Patent.

27. Doctors and/or other end users of Defendants' DTR product have directly infringed and will continue to directly infringe the '664 Patent, both literally and/or under the doctrine of equivalents. Doctors and/or other end users directly infringe the '664 Patent under 35 U.S.C. § 271(a) by using in the United States and in this District products covered by one or more claims of the '664 Patent, including the DTR. As one example, use of the DTR infringes at least claim 1 of the '664 Patent.

28. Defendants have actively, knowingly, and intentionally continued to induce infringement of the '664 Patent, literally and/or under the doctrine of equivalents, by importing, offering for sale, and selling the DTR to their customers and by aiding, abetting, and encouraging its customers' use of the DTR with knowledge that such use directly infringes one or more claims of the '664 Patent and with the intent to cause such infringement. That Defendants knew their actions were inducing infringement of the '664 Patent, or that Defendants were willfully blind to such infringement, is further evidenced by the fact that Defendant Diros was sued in Australia on various Australian counterparts to the Patents-in-Suit in Federal Court of Australia Proceeding No. NSD 438 of 2019, said Australian counterpart patents (Australian Standard Patent No. 2015261694 and Australian Standard Patent No. 2011235709) having similar claim

scope as the '664 Patent. Thereafter, Diros stopped selling the Accused Products in Australia and continues to not sell the Accused Products in Australia. Upon information and belief, Avanos became aware of these facts as part of its acquisition of Diros in July 2023.[1] Avanos thereafter filed an *inter partes* review proceeding (IPR2024-01212) against the '664 Patent, listing Diros as an Avanos subsidiary under the "Real parties-in-interest" section.

29. Defendants have also actively, knowingly, and intentionally continued to contributorily infringe the '664 Patent, literally and/or under the doctrine of equivalents, by importing, offering for sale, and selling the DTR to their customers, which is especially made, designed, and adapted for use in a manner that infringes one or more claims of the '664 Patent. As evidenced by the Instructions For Use of the DTR, attached hereto as **Exhibit I**, the DTR has no substantial non-infringing uses. The DTR is specifically designed to be used with an RF probe and, when combined, intended to be used in a monopolar mode of operation, such that Defendants knew use of the DTR would infringe one or more claims of the '664 Patent.

30. The chart provided in **Exhibit D** attached hereto depicts and describes how use of the DTR practices the invention claimed by the '664 Patent and meets each and every element of at least claim 1 of the '664 Patent. Stratus reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained in **Exhibit D**. The chart provided in **Exhibit D** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of

---

[1] *Avanos Medical, Inc. Announces Agreement to Acquire Diros Technology Inc.* (June 30, 2023), https://avanos.com/news/avanos-medical-inc-announces-agreement-to-acquire-diros-technology-inc/;
Avanos Medical, Inc. Announces Third Quarter 2023 Results (Nov. 1, 2023), https://avanos.investorroom.com/2023-11-01-Avanos-Medical,-Inc-Announces-Third-Quarter-2023-Results ("On July 24, we closed the acquisition of Diros Technology, Inc.").

Civil Procedure; it does not represent Stratus' preliminary or final infringement contentions or preliminary or final claim construction positions.

31. Stratus is entitled to recover damages adequate to compensate Stratus for Defendants' infringement.

32. Defendants' conduct has caused and will continue to cause Stratus substantial damages, including irreparable harm, for which Stratus has no adequate remedy at law unless and until Defendants are enjoined from infringing the '664 Patent.

## COUNT II

### INDIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 10,966,782

33. Stratus repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

34. The '782 Patent is valid and enforceable.

35. Since at least July 26, 2024, Defendants have had actual and/or constructive notice of the '782 Patent and Defendants knew or should have known about their infringement based on their filing of an *inter partes* review proceeding (IPR2024-01209) against the '782 Patent on this date.

36. Despite such actual and/or constructive knowledge, Defendants continue to import, distribute, offer for sale, and sell the DTR, which, in combination with an RF probe that is also sold by Defendants, infringes the '782 Patent. Defendants have also continued to sell the DTR and distribute product literature and website materials thereby encouraging and inducing end users to combine the DTR with an RF probe in the customary and intended manner, which Defendants knew would infringe the '782 Patent.

37. Doctors and/or other end users of Defendants' DTR product have directly infringed and will continue to directly infringe the '782 Patent, both literally and/or under the doctrine of equivalents. Doctors and/or other end users directly infringe the '782 Patent under 35 U.S.C. § 271(a) by combining the DTR with an RF probe in the United States and in this District a completed apparatus covered by one or more claims of the '782 Patent. As one example, the combination of the DTR and an RF probe infringes at least claim 1 of the '782 Patent.

38. Defendants have actively, knowingly, and intentionally continued to induce infringement of the '782 Patent, literally and/or under the doctrine of equivalents, by importing, offering for sale, and selling the DTR to their customers to be combined with an RF probe in a manner that infringes one or more claims of the '782 Patent and by aiding, abetting, and encouraging its customers' to make and/or use of the combination with knowledge that making and/or using such combination directly infringes one or more claims of the '782 Patent and with the intent to cause such infringement. That Defendants knew their actions were inducing infringement of the '782 Patent, or that Defendants were willfully blind to such infringement, is further evidenced by the fact that Defendant Diros was sued in Australia on various Australian counterparts to the Patents-in-Suit in Federal Court of Australia Proceeding No. NSD 438 of 2019, said Australian counterpart patents (Australian Standard Patent No. 2015261694 and Australian Standard Patent No. 2011235709) having similar claim scope as the '782 Patent. Thereafter, Diros stopped selling the Accused Products in Australia and continues to not sell the Accused Products in Australia. Upon information and belief, Avanos became aware of these facts as part of its acquisition of Diros in July 2023. Avanos thereafter filed an *inter partes* review proceeding (IPR2024-01209) against the '782 Patent, listing Diros as an Avanos subsidiary under the "Real parties-in-interest" section.

39. Defendants have also actively, knowingly, and intentionally continued to contributorily infringe of the '782 Patent, literally and/or under the doctrine of equivalents, by importing, offering for sale, and selling the DTR to their customers, which is especially made, designed, and adapted to be combined with an RF probe in a manner that directly infringes one or more claims of the '782 Patent. As evidenced by the Instructions For Use of the DTR, attached hereto as **Exhibit I**, the DTR has no substantial non-infringing uses. The DTR is specifically designed to be used with an RF probe and, when combined, intended to be used in a monopolar mode of operation, such that Defendants knew the combination would infringe one or more claims of the '782 Patent.

40. The chart provided in **Exhibit E** attached hereto depicts and describes how combining the DTR with an RF probe practices the invention claimed by the '782 Patent and meets each and every element of at least claim 1 of the '782 Patent. Stratus reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained in **Exhibit E**. The chart provided in **Exhibit E** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Stratus' preliminary or final infringement contentions or preliminary or final claim construction positions.

41. Stratus is entitled to recover damages adequate to compensate Stratus for Defendants' infringement.

42. Defendants' conduct has caused and will continue to cause Stratus substantial damages, including irreparable harm, for which Stratus has no adequate remedy at law unless and until Defendants are enjoined from infringing the '782 Patent.

## COUNT III

**DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 10,966,782**

43. Stratus repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

44. Without permission or authorization from Stratus and in violation of 35 U.S.C. § 271(a), Defendants have imported, distributed, offered for sale, and sold and continues to import, distribute, offer for sale, and sell—in this District and elsewhere in the United States—the DTRH which directly infringes, literally and/or under the doctrine of equivalents, at least claim 1 of the '782 Patent.

45. The chart provided in **Exhibit F** attached hereto depicts and describes how the DTRH practices the invention claimed by the '782 Patent and meets each and every element of at least claim 1 of the '782 Patent. Stratus reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained in **Exhibit F**. The chart provided in **Exhibit F** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Stratus' preliminary or final infringement contentions or preliminary or final claim construction positions.

46. Stratus is entitled to recover damages adequate to compensate Stratus for Defendants' infringement.

47. Defendants' conduct has caused and will continue to cause Stratus substantial damages, including irreparable harm, for which Stratus has no adequate remedy at law unless and until Defendants are enjoined from infringing the '782 Patent.

**COUNT IV**

**INDIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 10,736,688**

48. Stratus repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

49. The '688 Patent is valid and enforceable.

50. Since at least July 26, 2024, Defendants have had actual and/or constructive notice of the '688 Patent and Defendants knew or should have known about their infringement based on their filing of *inter partes* review proceedings (IPR2024-01210 and IPR2024-01211) against the '688 Patent on this date.

51. Despite such actual and/or knowledge, Defendants continue to import, distribute, offer for sale, and sell the DTR, which, in combination with an RF probe that is also sold by Defendants, infringes the '688 Patent. Defendants have also continued to sell the DTR and distribute product literature and website materials, thereby encouraging and inducing end users to combine the DTR with an RF probe in the customary and intended manner, which Defendants knew would infringe the '688 Patent.

52. Doctors and/or other end users of Defendants' DTR product have directly infringed and will continue to directly infringe the '688 Patent, both literally and/or under the doctrine of equivalents. Doctors and/or other end users directly infringe the '688 Patent under 35 U.S.C. § 271(a) by combining the DTR with an RF probe in the United States and in this District a completed apparatus covered by one or more claims of the '688 Patent. As one example, the combination of the DTR and an RF probe infringes at least claim 1 of the '688 Patent.

53. Defendants have actively, knowingly, and intentionally continued to induce infringement of the '688 Patent, literally and/or under the doctrine of equivalents, by importing,

offering for sale, and selling the DTR to their customers to be combined with an RF probe in a manner that infringes one or more claims of the '688 Patent and by aiding, abetting, and encouraging its customers' to make and/or use of the combination with knowledge that making and/or using such combination infringes one or more claims of the '688 Patent and with the intent to cause such infringement. That Defendants knew their actions were inducing infringement of the '688 Patent, or that Defendants were willfully blind to such infringement, is further evidenced by the fact that Defendant Diros was sued in Australia on various Australian counterparts to the Patents-in-Suit in Federal Court of Australia Proceeding No. NSD 438 of 2019, said Australian counterpart patents (Australian Standard Patent No. 2015261694 and Australian Standard Patent No. 2011235709) having similar claim scope as the '688 Patent. Thereafter, Diros stopped selling the Accused Products in Australia and continues to not sell the Accused Products in Australia. Upon information and belief, Avanos became aware of these facts as part of its acquisition of Diros in July 2023. Avanos thereafter filed *inter partes* review proceedings (IPR2024-01210 and IPR2024-01211) against the '688 Patent, listing Diros as an Avanos subsidiary under the "Real parties-in-interest" sections.

54.    Defendants have also actively, knowingly, and intentionally continued to contributorily infringe of the '688 Patent, literally and/or under the doctrine of equivalents, by importing, offering for sale, and selling the DTR to their customers, which is especially made, designed, and adapted to be combined with an RF probe in a manner that directly infringes one or more claims of the '688 Patent and with the intent to cause such infringement. As evidenced by the Instructions For Use of the DTR, attached hereto as **Exhibit I**, the DTR has no substantial non-infringing uses. The DTR is specifically designed to be used with an RF probe and, when

combined, intended to be used in a monopolar mode of operation, such that Defendants knew the combination would infringe one or more claims of the '688 Patent.

55. The chart provided in **Exhibit G** attached hereto depicts and describes how combining the DTR with an RF probe practices the invention claimed by the '688 Patent and meets each and every element of at least claim 1 of the '688 Patent. Stratus reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained in **Exhibit G**. The chart provided in **Exhibit G** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Stratus' preliminary or final infringement contentions or preliminary or final claim construction positions.

56. Stratus is entitled to recover damages adequate to compensate Stratus for Defendants' infringement.

57. Defendants' conduct has caused and will continue to cause Stratus substantial damages, including irreparable harm, for which Stratus has no adequate remedy at law unless and until Defendants are enjoined from infringing the '688 Patent.

## COUNT V

### DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 10,736,688

58. Stratus repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

59. Without permission or authorization from Stratus and in violation of 35 U.S.C. § 271(a), Defendants have imported, distributed, offered for sale, and sold and continues to import, distribute, offer for sale, and sell—in this District and elsewhere in the United States—the DTRH which directly infringes at least claim 1 of the '688 Patent.

60. The chart provided in **Exhibit H** attached hereto depicts and describes how the DTRH practices the invention claimed by the '688 Patent and meets each and every element of at least claim 1 of the '688 Patent. Stratus reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained in **Exhibit H**. The chart provided in **Exhibit H** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Stratus' preliminary or final infringement contentions or preliminary or final claim construction positions.

61. Stratus is entitled to recover damages adequate to compensate Stratus for Defendants' infringement.

62. Defendants' conduct has caused and will continue to cause Stratus substantial damages, including irreparable harm, for which Stratus has no adequate remedy at law unless and until Defendants are enjoined from infringing the '688 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Stratus respectfully prays for judgment as follows:

A. For a judgment that Defendants have infringed the '664 Patent;

B. For a judgment that Defendants have infringed the '782 Patent;

C. For a judgment that Defendants have infringed the '688 Patent;

D. For an order that Defendants and their respective agents, servants, officers, directors, employees and all persons in privity or active concert or participation with Defendants, directly or indirectly, are permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the Patents-in-Suit;

  E. For a judgment and award requiring Defendants to pay Stratus' damages in an amount adequate to compensate Stratus for Defendants' infringement, including lost profits but in no event less than a reasonably royalty pursuant to 35 U.S.C. § 284;

  F. For a judgment and award of any supplemental damages sustained by Stratus for any continuing post-verdict infringement up until entry of judgment and beyond, with accounting as needed;

  G. For an order finding that this case is exceptional under 35 U.S.C. § 285 and awarding Stratus its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendants;

  H. For an award of pre-judgment interest, post-judgment interest, and costs in this action to the full extent allowed under the law; and

  I. For an award of such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Stratus demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Terrell Miller<br>FOLEY & LARDNER LLP<br>1000 Louisiana Street, Suite 2000<br>Houston, Texas 77002<br>Telephone: (713) 276-5500<br>Facsimile: (713) 276-5555<br>Email: tmiller@foley.com<br><br>Michael R. Houston<br>Will Burch<br>FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 3000<br>Chicago, IL 60654<br>Telephone: (312) 832-4378<br>Facsimile: (312) 832-4700<br>Email: mhouston@foley.com<br>Email: will.burch@foley.com<br><br>Sarah E. Rieger<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone: (414) 271-2400<br>Facsimile: 414-297-4900<br>Email: srieger@foley.com<br><br>Dated: May 2, 2025 | /s/ Frederick L. Cottrell, III<br>Frederick L. Cottrell, III (#2555)<br>Christine D. Haynes (#4697)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King St.<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>haynes@rlf.com<br><br>*Attorneys for Plaintiff*<br>*Stratus Medical, LLC* |